## GEDDIS V. FOLLIETT.

1.  Laws 1891, p. 232, c. 100, § 9, provides that, "if the report [of the referee] is accepted by the court, judgment may be entered thereon." Section 10 authorizes a new trial or an appeal to the Supreme Court—the report of the referee to be incorporated in the bill of exceptions— and in case a new trial is granted, or the report is not accepted, the parties may again refer the cause, or the same shall stand for trial as though it had not been referred, etc. Held, that the circuit court has no power to modify the report of a referee, or to change his findings or his conclusions of law.

2.  By the cancellation of a lease, and surrender of the possession by the lessee, and acceptance by the lessor, the damages sustained by the lessor by reason of the failure of the lessee to perform all the conditions of the lease were waived—especially as to such conditions as might have been performed, had the lessee retained possession.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Beadle county. Hon. J. H. McCoy, Judge.

Action by J. B. Geddis against F. L. Folliett. From a judgment for defendant, and from an order denying a new. trial, plaintiff appeals,   Affirmed.

*A. W. Wilmarth,* for appellant.

*Henry C. Hinckley,* for respondent.

CORSON, J.   This is an action to restrain the defendant from removing certain personal property from leased premises until the defendant pays damages due the plaintiff by reason of the defendant's failure to comply with the terms of the lease, and a division of the crops raised thereon made. The case was tried by a referee, and the findings and judgment were in favor of the defendant, and from this judgment, and order denying a new trial, the plaintiff has appealed.

Preliminary to a review of the case on the merits is a question of practice. The plaintiff moved the referee for a modification of the fifteenth finding, and that, upon such finding being modified, his conclusions of law and judgment should be in favor of the plaintiff. This motion was denied by the referee, and the motion was renewed on the coming in of the report in the circuit court, and again denied. A motion for new trial was thereupon made in the circuit court, and denied. It is contended by the appellant that the trial court should have modified the findings of fact of the referee, and his conclusions of law, and entered a judgment in favor of the plaintiff. It is insisted on the part of the defendant that the trial court was not authorized to modify or change the findings of fact of the referee, or his conclusions of law, and that it could only refuse to accept the report of the referee, or grant a new trial. We are of the opinion that the position taken by the defendant is correct. It is provided by section 9, c. 100, p. 232, of the Laws of 1891, that, "if the report is accepted by the court, judgment may be entered thereon;" and by section 10 it is provided: "A new trial may be had or an appeal taken to the Supreme Court in like manner as in other cases, and the report of the referee may be incorporated in the bill of exceptions. In case a new trial is granted, or if the report is not accepted the parties may again refer the cause, or the same shall stand open for trial as though it had not been referred. And the party finally recovering is entitled to the costs of the former reference." It will thus be seen that the circuit court is authorized to accept the report and enter judgment thereon, or it may refuse to accept the report or grant a new trial, and that in case a new trial is granted, or the re-

port is not accepted, the case may again be referred, or the same shall stand open for trial as if it had not been referred. No authority, therefore, seems to be conferred upon the circuit court to modify the report of the referee, or to change his findings or his conclusions of law. Whether the referee is authorized, after his report has been made, to modify or change his findings or his conclusions of law, it is not now necessary to decide.

The trial court, therefore, committed no error in refusing to modify the findings and conclusions of law of the referee. Precisely what is meant by the expression, "or if the report is not accepted," is somewhat difficult to determine. The result seems to be that, if the report is not accepted, a new trial is granted, as the statute provides that in case a new trial is granted, or if the report is not accepted, the parties may again refer the cause, or the same shall stand open for trial as if it had not been referred. In this case the report was accepted, and a motion for new trial made and denied; hence the questions presented for the consideration of the court are whether or not, under the findings and rulings of the referee, a new trial should have been granted.

It appears from the record in this case that the defendant occupied the farm of the plaintiff under a farm lease made for a period of one year, and which, by its terms, would have expired March 1, 1902. The plaintiff claimed damages by reason of the failure of the defendant to comply with certain conditions of the lease, and also for injuries done to the property while in his possession, and demands judgment for said damages, and that the defendant be enjoined from in any manner interfering with the crops raised upon said premises until the

amount of such damages be deducted therefrom, and the balance divided as provided in said farm lease.   The defendant in his answer, denies that he was in possession of the premises at the time this action was commenced, and alleges that on the 15th day of November, 1901, he, at the request of the plaintiff, agreed to surrender up possession of the same and to cancel the said lease, and thereupon the said lease was canceled in writing; that at the time of the surrender up of the possession of the said premises there were about 138 tons of hay and about 1,000 bushels of corn on the premises, which were undivided, and also that the plaintiff refused to allow him to take from the said premises any part of the same—and prays that a commissioner be appointed to deliver up to him one-half of the said crop, and for his costs and disbursements. The referee found, in substance, that on the 15th day of November, 1901, the lease was canceled by the plaintiff and defendant, in writing, and that on the 25th day of November the defendant removed, with his family, from said premises, and turned over to the plaintiff all the personal property received by him from the plaintiff under the said lease, except one cow, of the value of $30; that there were upon said premises 138 tons of hay and several hundred bushels of corn, undivided; and the referee concluded, as matters of laws, that by the cancellation of the said lease the defendant was relieved from liability on the claims of the plaintiff against him for damages for his failure to comply with the conditions of the lease; that the defendant is entitled to the possession of one-half of the 138 tons of hay, and, if the possession thereof cannot be had, to $138, the value thereof; that the defendant is entitled to the possession of 395 bushels of corn, and, if the possession there-

of cannot be had to its value, $135.25; that there is due from the plaintiff to the defendant the sum of $10.85—and concludes that the defendant is entitled to a judgment for the sum of $285. The evidence was conflicting, and the findings of the referee are, in our opinion, fully supported by the same. No useful purpose would be served by a review of the evidence in this opinion, and hence we shall not attempt such review. We are also of the opinion that the referee was right in his conclusion that by the cancellation of the lease, and the surrender up of the possession of the premises by the defendant, and acceptance of the same by the plaintiff, the damages alleged to have been sustained by the plaintiff by reason of the failure of the defendant to perform all the conditions therein were waived. Certainly all these conditions were waived that might have been performed had the defendant retained possession of the premises until the expiration of his term, and these included substantially all of the conditions for the breach of which damages were claimed. The plaintiff, at the time of the cancellation of the lease and surrender up of the possession of the premises, made no claim for damages, but agreed to give to the defendant his part of the crop raised. If the plaintiff intended to claim damages, he should have claimed them at that time.

Our conclusion is that the circuit court committed no error in denying the motion for a new trial, and the judgment and order of the circuit court denying the same are affirmed.